# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | |
|---|---|
| WILL CRUZ, for himself and others similarly situated,<br><br>v.<br><br>AERSALE, INC. | Case No. _____ |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.     William Cruz is an aircraft mechanic.

2.     He worked in AerSale's facility in Roswell, New Mexico.

3.     Through its staffing agency, AerSale paid Cruz $26 an hour.

4.     But AerSale does not pay Cruz time and a half when he works more than 40 hours in a week.

5.     Instead, AerSale pays Cruz the same hourly rate ($26) for all hours worked, including those over 40 in a workweek.

6.     This "straight time for overtime" pay plan violates the Fair Labor Standards Act (FLSA) and New Mexico Minimum Wage Act (NMMWA).

7.     Cruz brings this class and collective action to recover the unpaid overtime and other damages owed to himself and others similarly situated workers in New Mexico.

**JURISDICTION AND VENUE**

8.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9.      This Court also has original subject matter jurisdiction under 28 U.S.C. § 1332(d) because: (a) Cruz and AerSale are citizens of different states; (b) the matter in controversy exceeds $5,000,000; and (c) the number of members of all proposed classes is at least 100.

10.     This Court also has subject matter jurisdiction over the state law claims because they arise from a common nucleus of relevant facts along with the federal claim alleged.

11.     This Court has general personal jurisdiction over AerSale.

12.     AerSale is a Florida corporation.

13.     AerSale's New Mexico facilities are located in Rio Rancho and Roswell.

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because AerSale is resident of this judicial district and a significant portion of the facts giving rise to this lawsuit occurred in this District.

**PARTIES**

15.     Cruz is an employee of AerSale.

16.     His written consent is attached.

17.     AerSale bills itself as providing "full-service support for aircraft owners and operators across the entire range of flight equipment, from whole aircraft support down to their individual components." https://www.aersale.com/

18.     AerSale' gross revenues exceeded $1,000,000 in each of the past 3 years.

19.     AerSale's employees routinely use, handle, sell, or work on vehicles, aircraft, hand tools, equipment, cleaning supplies, and telephones that were produced for, and/or actually traveled in, interstate commerce.

20.     AerSale is a "covered enterprise" under the FLSA.

21.     AerSale employed Cruz.

22.     AerSale can be served through its registered agent.

FACTS

23.     AerSale performs maintenance, repair, and overhaul (MRO) services on aircraft and their components.

24.     AerSale is not, and does not purport to be, a common carrier.

25.     To perform the services AerSale markets to its customers, AerSale needs workers including, but not limited to, aircraft mechanics.

26.     AerSale "staffs" workers in from various staffing companies.

27.     But regardless of a worker's position or the staffing company, AerSale's staffed workers work at AerSale's locations.

28.     While on location, AerSale employees are subject to its supervision and control (including, e.g., control over hours worked and the manner in which the work is performed).

29.     AerSale's staffing companies tell workers that AerSale will determine their "work location and hours."

30.     AerSale also provides the necessary tools and materials.

31.     The workers covered by this lawsuit are AerSale's employees.

32.     Through staffing companies, AerSale pays these workers by the hour.

33.     But AerSale does not pay them overtime.

34.     Instead, AerSale pays these workers at the same hourly rate for all the hours they work, including hours after 40 in a week.

35.     Cruz is an hourly employee of AerSale.

36.     AerSale hired Cruz in September 2020.

37.     Cruz worked as an aircraft mechanic.

38.     AerSale paid Cruz $26 an hour.

39.     AerSale did not pay him overtime.

40.     Instead, AerSale paid Cruz according to its straight time for overtime policy.

41.     For example, if Cruz worked 48 hours in the week (and he often worked more), AerSale did not pay him time and a half for hours for the hours over 40 worked in that week.

42.     Instead, AerSale paid Cruz at the same hourly rate ($26) for all 48 hours.

43.     Because of AerSale's straight time for overtime plan, Cruz never receives any overtime premium.

44.     AerSale tries to mask its overtime violations by giving the appearance of paying overtime.

45.     AerSale uses a well-known ploy for evading the FLSA's overtime requirements, where a large portion of the hourly wages are designated as an hourly "per diem."

46.    When he was hired, Cruz's "taxable" wages were list as approximately $12/hr (remember, Cruz is an aircraft mechanic).

47.    But AerSale also paid him a "Per Diem" hourly rate of approximately $14 for the first 40 hours only.

48.    This "Per Diem" is tied directly to the number of hours Cruz worked.

49.    Between his "taxable" wages and his so-called "per diem," Cruz's actual "regular rate" was $26 an hour. 29 U.S.C. § 207(e).

50.    Cruz did not receive overtime based on his actual regular rate of approximately $26 an hour.

51.    Rather than receiving $39/hour for overtime as required by the FLSA and NMMWA, Cruz effectively received the same hourly rate for all hours worked.

52.    Cruz reported his hours to AerSale.

53.    AerSale's records reflect the hours Cruz worked each week.

54.    Despite knowing Cruz was regularly working overtime, AerSale did not pay him overtime.

55.    Effectively, AerSale paid the same hourly rate for all hours worked.

56.    Rather than receiving time and half as required by the FLSA and New Mexico law, Cruz only received "straight time" pay for his overtime hours.

57.    This "straight time for overtime" payment scheme violates the FLSA and New Mexico law.

58.    The same straight time for overtime payment scheme to all the class members Cruz seeks to represent.

59.    Just as AerSale maintained records of the hours Cruz worked, it maintained records of the hours worked by the other employees like him.

60.     AerSale knew the FLSA required it to pay overtime to workers like Cruz.

61.     AerSale nonetheless failed to pay overtime to hourly employees like Cruz.

62.     AerSale's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA and the NMMWA.

### CLASS & COLLECTIVE ACTION ALLEGATIONS

63.     AerSale's illegal "straight time for overtime" policy extends beyond Cruz.

64.     AerSale's "straight time for overtime" scheme is the "policy that is alleged to violate the FLSA" in the FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014).

65.     AerSale paid dozens of hourly workers according to the same, common, unlawful scheme.

66.     These workers (who total more than 100) worked in New Mexico.

67.     Upon information and belief, AerSale paid more than 100 workers employed in New Mexico according to its straight time for overtime policy.

68.     Common questions of fact and law predominate in this action, including: (a) the legality of AerSale's straight time for overtime pay policy; (b) AerSale's "good faith" (or lack thereof) in adopting its straight time for overtime pay policy; (c) AerSale's knowledge of the FLSA's overtime requirements; (d) AerSale's knowledge of the NMMWA's requirements.

69.     Cruz's claims are typical of the other hourly workers impacted by the AerSale' "straight time for overtime" scheme because they arise from the application of the identical pay policy.

70.    All AerSale's hourly workers who were paid "straight time for overtime" are similar to Cruz because they are owed overtime for precisely the same reasons he is.

71.    Any differences in job duties do not detract from the fact that all these hourly workers were and are entitled to overtime pay.

72.    Cruz has retained counsel competent and experienced in handling class and collective action litigation.

73.    A collective and class action is a superior method for resolving the common questions that predominate in this case.

74.    Absent a collective and class action, many workers may never recover as they will be denied the benefits of spreading costs and aggregating claims.

75.    The AerSale workers impacted by the "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

76.    Therefore, the FLSA collective is properly defined as:

**All hourly AerSale employees in New Mexico who were paid "straight time" for overtime at any point in the past 3 years.**

77.    Cruz further seeks certification of a class under Fed. R. Civ. P. 23 to remedy AerSale's violations of the NMMWA.

78.    AerSale's illegal "straight time for overtime" pay practice is part of a continuing course of conduct, entitling Cruz and all those similarly situated to him to recover for all such violations of the NMMWA, regardless of the date they occurred. NMSA § 50-4-32.

79.     The class of similarly situated employees sought to be certified as a class action under the NMMWA is defined as:

**All hourly AerSale employees in New Mexico who were paid "straight time" for overtime.**

<u>CAUSES OF ACTION</u>

**<u>Count I</u>**
**Violation of the FLSA**

80.     By failing to pay Cruz and those similarly situated to him overtime, AerSale violated the FLSA. 29 U.S.C. § 207(a).

81.     AerSale owes Cruz and those similarly situated to him the difference between the rate actually paid and the proper overtime rate.

82.     Because AerSale knew, or showed reckless disregard for whether, its pay practices violated the FLSA, AerSale owes these wages for at least the past three years.

83.     AerSale is liable to Cruz and those similarly situated to him for an amount equal to all unpaid overtime as liquidated damages.

84.     Cruz and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**<u>Count II</u>**
**Violation of the NMMWA**

85.     Similarly, by failing to pay Cruz and those similarly situated to him overtime, AerSale violated the NMMWA. *See* NMMWA § 50-4-22.

86.     AerSale is subject to the requirements of the NMMWA.

87.     AerSale employed Cruz and each member of the New Mexico Class as an "employee" within the meaning of the NMMWA.

88.     The NMMWA requires employers to pay employees at least 1.5 times the regular rate of pay for hours worked after 40 hours in any one week.

89.     Cruz and each member of the New Mexico Class are entitled to overtime pay under the NMMWA.

90.     Cruz and each member of the New Mexico Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for all hours worked after 40 hours in a workweek, liquidated damages, treble damages, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper from Defendants.

91.     Cruz and each member of the New Mexico Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the NMMWA.

### PRAYER FOR RELIEF

92.     Cruz prays for relief as follows:

a)  An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

b)  An order certifying the New Mexico Class as a class action under Rule 23;

c)  Judgment awarding Cruz and those similarly situated to him all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

d)  Judgment awarding Cruz and the New Mexico Class overtime for all worked performed in excess of 40 hours in a workweek, liquidated damages, treble damages, prejudgment interest, and all other relief available under the NMMWA;

e)  An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

f)  All such other and further relief to which Cruz and those similarly situated to him may show themselves to be justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

**/s/ Rex Burch**

By: _____

Richard J. (Rex) Burch
Texas Bar No. 24001807
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile
rburch@brucknerburch.com

Michael A. Josephson
Texas Bar No. 24014780
**Josephson Dunlap Law Firm**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com

DocuSign Envelope ID: 8334F259-6CEC-41C7-8E24-DD55F5353758

## CONSENT TO JOIN WAGE CLAIM

Print Name: ____Will D Cruz Tirado____

1.  I hereby consent to participate in a collective action lawsuit against **AerSale** / **Launch Technical Workforce Solutions, LLC** (and their related entities) to pursue my claims of unpaid overtime during the time that I worked with the company.

2.  I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3.  I designate the law firm and attorneys at BRUCKNER BURCH PLLC as my attorneys to prosecute my wage claims.

4.  I authorize the law firm and attorneys at BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: _____Will Cruz Tirado_____
DocuSigned by:
326C1D52DC56451...