### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

**WILL CRUZ,**

   *Plaintiff,*

v.                                                             **Case No.  2:22-cv-00857-GJF-KRS**

**AERSALE, INC.,**

   *Defendant/Third-Party Plaintiff,*

v.

**LAUNCH TECHNICAL
WORKFORCE SOLUTIONS, LLC**

   *Third-Party Defendant.*

### JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held telephonically on January 31, 2024, and was attended by Richard J "Rex" Burch (Counsel for Plaintiff and putative class members) (collectively, "Cruz"), Nicholé M. Plagens for AerSale Inc. (Counsel for Defendant/Third-Party Plaintiff) ("AerSale"), and Adam C. Smedstad for Launch Technical Workforce Solutions, LLC (Counsel for Third-Party Defendant) ("Launch").  The following provisional discovery plan and proposed schedule reflects the agreement of the parties, subject to the Court's approval:

### NATURE OF THE CASE

Cruz asserts claims individually and on behalf of others similarly situated against Defendant, AerSale, for alleged violations of the Fair Labor Standards Act of 1938 ("FLSA") and the New Mexico Minimum Wage Act ("NMMWA"). Specifically, alleges certain hourly payments, which were labeled "per diem," were improperly excluded from certain hourly workers' "regular rates" for the purposes of paying overtime. 29 U.S.C. § 207. Plaintiff and the Putative Class Members seek all damages

**Joint Status Report and Provisional Discovery Plan**                                                          1

available under the FLSA and NMMWA, including back wages, liquidated damages, treble damages, legal fees, costs, and post-judgment interest.

AerSale denies Cruz's allegations and asserts a number of affirmative defenses in its Answer. AerSale has also filed a third-party complaint against Launch, the staffing company it alleges is Cruz's employer. The Court compelled AerSale's third-party complaint to arbitration; Launch intends to file a motion to intervene as a defendant because it contends that Launch is Cruz's employer. Cruz believes Launch is no longer a party to this action and will oppose Launch's attempt to intervene as its dispute with AerSale has been compelled to arbitration.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: First Amended Collective/Class Action Complaint.

Plaintiff should be allowed until May 1, 2024 to move to amend the pleadings and until May 1, 2024 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a). However, nothing in this proposed deadline is intended to limit Plaintiff's ability to file the opt-in consent forms of similarly situated individuals, up to the close of the Court-authorized notice period, if any.

Defendant intends to file: None.

Defendants(s) should be allowed until June 3, 2024 to move to amend their pleadings and until June 3, 2024 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The Parties hereto stipulate and agree that venue is properly laid in this District and that the United States District Court for the District of New Mexico has jurisdiction over the Parties and the subject matter.

The Parties are willing to further stipulate to the following facts:

1. AerSale is an enterprise engaged in commerce within the meaning of Section 3(r), 29 U.S.C. § 203(r).

The parties further stipulate and agree that the law governing this case is:

2. The Federal Fair Labor Standards Act, 29 U.S.C. §§ 201 – 219 ("FLSA"); and

3. The New Mexico Minimum Wage Act, N.M. Stat. Ann. §§ 50-4-19 – 50-4-30 ("NMMWA").

The parties are not prepared to enter into any further stipulations at this time.

## PLAINTIFF'S CONTENTIONS

Cruz brings this collective and class action lawsuit to recover unpaid overtime owed pursuant to the FLSA and NMMWA. Cruz alleges AerSale "employed" Cruz, and other hourly workers like him, for workweeks longer than 40 hours without paying them proper overtime. *See* Doc. 1. Cruz seeks unpaid overtime, liquidated damages, treble damages, attorneys' fees, costs, and interest on behalf of himself and all those similarly situated.

Cruz alleges a large portion of the hourly wages paid to him (and the other workers he seeks to represent) were improperly designated as an hourly "per diem." This "per diem" is tied to the number of hours worked. However, these "per diem" payments were excluded from the "regular rate" used for the calculation of overtime. 29 U.S.C. § 207(e). Therefore, any "overtime" was paid on an artificially low "regular rate," such that these workers received the same hourly rate for all hours worked (both those before and after 40 hours in a week).

## DEFENDANT'S CONTENTIONS

Defendant denies Plaintiff's allegations, generally.  Cruz and the members of the putative collective action may not be properly classified as employees under the FLSA or NMMWA because they worked for and were supervised in whole or in part by Third-Party Defendant, Launch Technical Workforce Solutions, LLC, ("Launch"). Therefore, AerSale is not liable for any alleged violations under the FLSA or NMMWA. Further, Defendant asserts Plaintiff received compensation intended

to cover all hours worked, including overtime. Defendant asserts all compensation was paid properly. As a result, Plaintiff has not suffered any damages compensable under the FLSA or NMMWA.

Defendant disputes Plaintiff's proposed putative class is sufficient to meet the requirements of Rule 23. Defendant asserts that class certification would be improper and will oppose any motion for certification.

## PROVISIONAL DISCOVERY PLAN

The Parties jointly propose to the Court the following discovery plan:

**List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."**

- Will Cruz, in care of counsel. It is expected Cruz will testify about his hours worked, his compensation, the nature and scope of his claims, and his knowledge of other AerSale employees' hours worked and compensation, if any.

- Opt-In John Roldan, in care of counsel. It is expected Roldan will testify about his hours worked, his compensation, the nature and scope of his claims, and his knowledge of other AerSale employees' hours worked and compensation, if any.

- Vanessa Machado, AerSale Senior Vice President Human Resources, expected to testify about AerSale's employment practices, employee compensation, and her knowledge of whether other employees could be considered similarly situated to Cruz.

- Natalie Nowicki, Launch Technical Workforce Human Resources Director, expected to testify about the hours worked by, and wages paid to, workers staffed to AerSale.

- Cruz and Roldan's co-workers, which may include current and former supervisors ("Co-Workers"). It is expected that the Co-Workers will testify about the hours worked, how those hours were recorded, and their compensation.

**List all documents which you believe, at this time, will be exhibits at the trial.**

- Schedules created for the workers covered by the proposed class and/or collective actions;

- Records demonstrating the time worked by the workers covered by the proposed class and/or collective actions;

- Records demonstrating the wages paid to the workers covered by the proposed class and/or collective actions;

- Employee rosters;

- Limited personnel file materials;

- AerSale's policies regarding the payment of wages to its employees and/or contractors;

- Launch's policies regarding the payment of wages to its employees and/or contractors; and

- Contracts and communications between AerSale and any staffing companies and/or recruiting firms who provided AerSale with workers covered by the proposed class and/or collective action.

The Parties reserve the right to supplement this list as discovery progresses.

***ESI***

The Parties have discussed and are developing an appropriate ESI plan to ensure document retention and to provide information related to payroll, time tracking, invoicing, custodians of documents and information, data collection and processing tools, email systems, backup data sources, search terms, and litigation holds.  The Parties agree to continue to discuss, on an ongoing basis, those ESI topics and to work cooperatively to resolve any disputes that may arise in the future related to ESI.

**List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.**

The Parties have not determined whether it will be necessary to call expert witnesses to testify at trial at this time. The Parties reserve the right to identify expert witnesses should they believe it appropriate based on further discovery.

**Discovery will be needed on the following subjects:**

Discovery will be needed on Cruz and the proposed class/collective action members' compensation, classification, hours worked, and communications with AerSale employees. Cruz may seek additional discovery on AerSale's pay practices, classification practices, employment practices, employee compensation, policies and procedures, and efforts to comply with the FLSA and NMMWA.  AerSale will seek discovery on: (1) the topics related to Rule 23 class action certification: numerosity, commonality, typicality, adequacy of representation, and predominance; (2) the topics related to whether Cruz is similarly situated to the collective action he seeks to represent, i.e., job duties and rates and methods of pay; (3) putative class and collective action members' dates of employment, job duties, rates and methods of pay, supervisors and managers, and relevant payroll and personnel data; (4) topics related to AerSale's good faith or willfulness, e.g., prior lawsuits and investigations against AerSale and all efforts it took to comply with the FLSA and NMMWA; and Cruz and the proposed class/collective action members' alleged damages and calculation of same.

Maximum of 25 interrogatories by each party to any other party. (Responses due 30 days after  service.)

Maximum of 25 requests for admission by each party to any other party. (Responses due 30 days after service.)

Maximum of 10 depositions by Plaintiffs and 10 by AerSale. The parties reserve the right to seek additional depositions depending on the size of any alleged class that may be proposed or allowed in this case.

Each deposition limited to maximum of seven hours unless extended by agreement of Parties. Reports from retained experts under Rule 26(a)(2), if any, due:

- o   from Plaintiff by **September 13, 2024**; and

- o   from Defendant by **October 14, 2024**.

Supplemental/rebuttal reports from retained experts under Rule 26(a)(2), if any, due:

- o   from Plaintiff by **November 15, 2024**; and

- o   from Defendant by **December 16, 2024**.

All discovery commenced in time to be complete by **January 20, 2025**.

## PRETRIAL MOTIONS

Cruz intends to file a motion for conditional certification (FLSA collective action notice), a motion for class certification under Rule 23, a motion for summary judgment, and motions *in limine* as necessary and relevant.

Defendant intends to file a motion for decertification of the collective action, motion for summary judgment, and motions *in limine* as necessary and relevant.

If Launch is permitted to intervene as a Defendant, Launch intends to file a motion for summary judgment on Cruz's claims, a motion for decertification of the collective action, and motions *in limine* as necessary and relevant.

All responses and replies should be controlled by the deadlines contained in the Local Rules of Civil Procedure.

The parties are working on a protective order.

**Joint Status Report and Provisional Discovery Plan**                                                                 7

## ESTIMATED TRIAL TIME

The parties estimate trial will require 3 to 5 days; however, this estimate is subject to change based on the number of Opt-Ins and the results of decertification and summary judgment motions practice.

This is a jury case.

The Parties request a pretrial conference on or about **May 1, 2025**.

## SETTLEMENT

The Parties anticipate engaging in settlement negotiations and/or mediation after the close of the Opt-In Period to determine whether this matter can be settled.  The Parties may request a settlement conference at the pretrial conference.

**EXCEPTIONS** AerSale suggests Cruz be required to file his motion for class/collective certification on or before September 27, 2024.

Cruz objects to this because conditional certification of an FLSA collective action does not require extensive (if any) discovery and there is no need to delay it while conducting class discovery for a Rule 23 motion. Further, Rule 23 certification is typically handled with FLSA collective action decertification (which makes sense in this case as well).

AerSale proposes discovery be conducted in separate phases for class and/or collective certification purposes and the merits with class and/or collective certification identification will be commenced in time to be completed by May 20, 2024.

Cruz believes the merits overlap with class certification issues such that it would not be effective to bifurcate discovery.

**Joint Status Report and Provisional Discovery Plan** 8

APPROVED WITH EXCEPTIONS

/s/ Rex Burch
For Plaintiff


/s/ Michael J. DePonte
For Defendant/Third-Party Plaintiff AerSale


/s/ Adam Smedstad
For Third-Party Defendant Launch



Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: /s/ Rex Burch
    Richard J. (Rex) Burch
    Texas Bar No. 24001807
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile
rburch@brucknerburch.com

Michael A. Josephson
Texas Bar No. 24014780
**Josephson Dunlap Law Firm**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100 – Telephone
(713) 352-3300 – Facsimile
mjosephson@mybackwages.com


## CERTIFICATE OF SERVICE

I served this pleading on all parties through the CM/ECF system on February 14, 2024.

/s/ Rex Burch
Richard J. (Rex) Burch


**Joint Status Report and Provisional Discovery Plan**                                                                9