IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Before the Honorable Kevin R. Sweazea
United States Magistrate Judge

### CLERK'S MINUTES

*Cruz et al. v. AerSale, Inc.*
2:22-cv-857 GJF/KRS

---

**Thursday, December 12, 2024**

**Attorneys for Plaintiffs:**    David Moulton; Richard Burch
**Attorneys for Defendant**:    Nichole Plagens
**Attorney for Third Party Defendant Strom Aviation:** Jay Athey

**Proceeding**:    Scheduling Conference

**Start Time:**    10:00 a.m.
**Stop Time:**    10:12 a.m.
**Total Time:**    12 minutes

**Clerk:**    LDM

**NOTES**

---

- The Court greets the parties and enters their appearances.

- The Court states it does not have any problem with the timeline for discovery and motions suggested in the parties' recently filed Joint Status Report but that it is hesitant to enter a scheduling order with indefinite deadlines that turn on a currently uncertain date of when Defendant complies with the Court's recent discovery order compelling production of documents and interrogatory responses. The Court would prefer that the parties file a joint status report informing the Court when Defendant complies. The parties will not need to appear for another scheduling conference as, once the Court is notified by the parties of the date of compliance, it will just enter a new scheduling order using the timeline proposed in the recently filed Joint Status Report.

- Counsel agree to this approach, and the Court then asks Ms. Plagens when she expects Defendant to comply with the Court's discovery order. Ms. Plagens responds that there is a great deal of uncertainty about that because of the difficulties Defendant is having obtaining documents and information from the third-party staffing companies, which documents and information are necessary for Defendant to fully comply with the Court's discovery order in this case. Ms. Plagens states the third party staffing companies are pushing back against

Defendant's requests for information from them due to the fact that Defendant is currently engaged in litigation with those parties.

- A further discussion is had between the Court, Ms. Plagens, and Mr. Moulton regarding whether Defendant can obtain the information from the staffing companies by issuing third-party subpoenas. Counsels' uncertainty regarding whether subpoenas against the staffing companies can be enforced leads the Court to propose a way of resolving the issue. The Court states that it will approve the issuance of subpoenas by Defendant against the third party staffing companies, and if the staffing companies take the position that the subpoenas are improper, they can move to quash. Whether the subpoenas are proper under the federal rules will be resolved in the context of a ruling on any motion to quash that is filed.

- Counsel for Plaintiff, Defendant, and Third Party Defendant Strom Aviation agree that this approach will work. The Court states that it will extend the previously set December 16, 2024 deadline for Defendant to comply with the Court's discovery order to allow Defendant time to send out the third-party subpoenas and for that process to then play out. Defendant agrees to a new deadline of January 31, 2025.

- There being nothing further, the Court adjourns.