IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**WILL CRUZ,**

    *Plaintiff*,

v.                                                           Case No.  2:22-cv-00857-GJF-KRS

**AERSALE, INC.,**

    *Defendant/Third-Party Plaintiff*,

v.

**LAUNCH TECHNICAL
WORKFORCE SOLUTIONS, LLC**

    *Third-Party Defendant*.

**STIPULATED PROTECTIVE ORDER**

This matter is before the Court on the unopposed Motion by Defendant/Third-Party Plaintiff AerSale, Inc. ("Defendant" or "AerSale") For Entry of a Stipulated Protective Order. [Doc. 127]. Finding good cause, the Court GRANTS the Motion, and enters the parties' Stipulated Protective Order as follows:

This Stipulated Protective Order governs the treatment of all documents, deposition exhibits, and other written, recorded, computerized, electronic or graphic matter, copies, excerpts or summaries of documents ("documents") produced by any party or non-party who agrees to the terms of this Stipulated Protective Order with regard to the above-captioned matter in accordance with the procedures set forth below or that otherwise are relevant under the terms hereof.

1. With the exception of documents produced in connection with the parties' efforts to mediate the claims related to the employees Third-Party Defendant Launch Technical Workforce Solutions, LLC ("Launch") placed with AerSale (the Launch Materials), documents produced to Plaintiff Will Cruz ("Plaintiff" or "Cruz") by any party or non-party prior to December 12, 2024 are not covered by this Protective Order. Re-producing any such documents after the entry of this

protective order as confidential material (defined below) does not change their status. With respect to the Launch Materials, Launch retains the right to designate any of those materials as Confidential, subject to this Protective Order.

2. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this order and agreement any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets; competitively sensitive technical, marketing, financial, or sales information; or other confidential business information; (b) that contains private or confidential personal information, including but not limited to personnel files and records, compensation and payroll records, tax records, health and medical records, absence records, family records, financial records, social security records, and personal disputes, claims, complaints, arbitrations, actions, and grievances; (c) that contains information received in confidence from third parties; or (d) which the producing party otherwise believes in good faith to be entitled to protection. Any party to this litigation or any third party covered by this Order who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO STIPULATED PROTECTIVE ORDER" (hereinafter "confidential material"). Each page of a document that the designating party wishes to designate as confidential must be so marked and the filename must also include "Confidential." Files produced in native format, such as Excel files, may be marked by including "Confidential" in the filename.

3. Each person to whom confidential material, data, or information obtained is disclosed or made available consistent with this order, including experts or consultants retained by the parties, shall first be advised of the existence and the contents of this stipulation and shall be

bound by its terms and conditions. No such person shall divulge any confidential material, data, or information obtained to any other person, except as provided herein.

    4.    Confidential material, or data and information obtained, derived or generated from confidential material shall be disclosed only to:

    a.    Court reporters, the Court, and Court personnel;

    b.    The attorneys of record in this action, persons employed in the attorney's offices and agents of the attorneys such as copy services and litigation support services;

    c.    Plaintiffs;

    d.    Defendants;

    e.    Independent experts and consultants such as statisticians, economists and accountants retained by any party and their secretarial and clerical staffs, provided that such experts agree not to disclose or otherwise use such information in any matter other than for the purpose of providing expert opinions or litigation support to the parties in this case;

    f.    Mediators, arbitrations, and any other persons providing litigation support or services to any party in this case; and

    g.    Witnesses and deponents, including potential witnesses and potential deponents, with whom the Parties' attorneys deem it necessary to discuss such material in the course of the Parties' discovery and/or preparation for trial, provided that such persons are informed of and given a copy of this Order and are informed that they must comply with it.

5. Confidential material, data, or information obtained shall not be used for any purpose other than pre-trial proceedings, preparation for trial, at trial, and post-trial litigation in connection with the above-captioned action.

6. Any documents which contain confidential material shall be filed as "HSD" under §(9)(i)(1) of the Court's Administrative Procedures Manual. *See* https://www.nmd.uscourts.gov/sites/nmd/files/Admin%20Procedures%20Manual%20%20Revised%2006-10-24.pdf at 18, § 9(i)(1). Nothing in this stipulation shall require the sealing of the courtroom during any proceedings including trial.

7. A party may conventionally file documents that have been marked by the producing party as "Confidential" pursuant to this Order without filing the documents under seal only if the party has redacted all confidential material from the documents prior to filing. In order to utilize this option of redacting confidential material prior to filing, the filing party must provide a copy of the redacted document to the producing party no later than three business days prior to filing the document with the Court. If the producing party contends that there is any remaining confidential material that has not been redacted from the document, the producing party will notify the filing party and the two parties must attempt in good faith to resolve the issue without Court intervention. If the producing party contends that there is any remaining confidential material that has not been redacted from the document, the filing party may not conventionally file the redacted document with the Court unless and until the dispute has been resolved by the parties or presented to and resolved by the Court pursuant to the procedures set forth in this Order.

8. The parties will act in good faith in designating material as confidential. Portions of depositions may be deemed to contain confidential material only if they meet the required criteria and they are designated as such during deposition questioning. Only those portions of

documents deemed to contain confidential material may be stamped confidential. The above restrictions concerning disclosure shall not apply to documents and to other information that has been made available to the public or which is obtained from sources other than Defendants and Plaintiffs.

9. With respect to any depositions that involve a disclosure of confidential material of a party to this action, such party shall have until thirty days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 5 and the deponent during these thirty days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 5 during said thirty days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Order.

10. Nothing contained in this Order shall be construed as a waiver of the right to object to the subject matter of any request made in this action. This Order shall not be construed as an agreement by Defendant or Plaintiff to produce any document or supply any information and shall not constitute an admission that any designated material is relevant or act as a waiver of privilege.

11. If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation or any or all of such items, the following procedure shall apply:

a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within ten days and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b. If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the designating party shall present the dispute to the Court initially by letter, in accordance with this Court's rules, before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

12. If any confidential material, or information or data obtained, derived or generated there from, is sought through discovery from either party by any other litigant in any other judicial or administrative proceeding, each party agrees that they will immediately notify the designating party so as to permit that party to seek a protective order from the appropriate court.

13.     All confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 5, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by order of the Court.

14.     The inadvertent production of information or materials that are protected by the attorney-client privilege, work product immunity, or other privilege or immunity shall not operate as a waiver of such privilege or immunity. If a producing party becomes aware that it has inadvertently produced information or materials that are protected by the attorney-client privilege, work product immunity, or other privilege or immunity, the producing party should promptly notify each receiving party in writing of the inadvertent production. Once a receiving party receives notice of the inadvertent production, it shall make reasonable efforts to gather up copies of the information and materials that were distributed to others and shall return all copies of such inadvertently produced material within three business days of receiving such notice. Any notes or summaries referring or relating to any such inadvertently or mistakenly produced material subject to claim of privilege or immunity shall be destroyed forthwith. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. The producing party bears the burden of establishing the privileged nature of any inadvertently produced information or materials. Each receiving party shall refrain from distributing or otherwise using the inadvertently disclosed information or materials for any purpose until the discoverability of the materials is agreed by the parties or resolved by the Court. If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably

should know is privileged, Counsel for the receiving party shall immediately take steps to (i) stop reading such information or materials, (ii) notify counsel for the producing party of such information or materials, (iii) collect all copies of such information or materials, and (iv) return such information or materials to the producing party.

15. This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

IT IS SO ORDERED this 21st day of January, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE